*NOT FOR PUBLICATION

ECF No. 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAMIAN D. HARRIELL,                     :
                                        :
                     Plaintiff,         :   CIV. NO. 21-20604 (RMB-AMD)
                                        :
          v.                            :   **OPINION**
                                        :
JOHN CUZZUPE,                           :
                                        :
                     Defendant          :
_____

Damien D. Harriell,
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
      Plaintiff, Pro Se

Matthew J. Behr, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
15000 Midlantic Drive, Suite 200
P.O. BOX 5429
Mount Laurel, NJ 08054
      On behalf of Defendant John Cuzzupe

**RENÉE MARIE BUMB**, Chief United States District Judge

This matter comes before the Court upon Defendant's motion to dismiss the

amended complaint (Docket No. 10), and Plaintiff's request for pro bono counsel

and brief in opposition to Defendant's motion to dismiss. (Docket No. 11.) The

Court will decide the motion on the briefs without an oral hearing, pursuant to

Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court

will grant Defendant's motion to dismiss and dismiss the complaint without prejudice.

## I.      THE AMEDED COMPLAINT

On December 20, 2021, Plaintiff filed a prisoner civil rights complaint (Compl., Docket No. 1), which he amended on March 14, 2022. (Am. Compl., Docket No. 2). Plaintiff brings one claim under 42 U.S.C. § 1983 against SCCF's Warden John Cuzzupe, for failure to train staff to protect inmate health and safety, in violation of the Fourteenth Amendment.  In support of this claim, Plaintiff alleges that on July 17, 2020, he was a pretrial detainee in Salem County Correctional Facility ("SCCF"). On that day, he was taken to Cooper Hospital for a medical check on his injured leg, on which he wore a medical boot.  When Plaintiff returned to SCCF, he was placed in quarantine on the second floor, despite the danger of climbing stairs in a medical boot. Plaintiff asked an officer to carry his food tray down the stairs to the first floor. The officer told Plaintiff to take it himself. Plaintiff slipped and fell down fourteen steps and was taken to the hospital.  He reinjured his leg and slipped two discs in his back. Plaintiff asserts that he should not have been placed on the second floor with a medical boot on his leg, and a nurse confirmed this to him. For relief, Plaintiff seeks money damages.

## II.     PLAINTIFFS' REQUEST FOR PRO BONO COUNSEL

In opposition to Defendant's motion to dismiss, Plaintiff requests appointment of pro bono counsel, not only in this action, but in two other actions he has filed. (Docket No. 11.)  Plaintiff does not address any of the factors courts must consider

when determining whether to appoint pro bono counsel in a civil case, for which there

is no constitutional or statutory right to counsel.  *See Tabron v. Grace*, 6 F.3d 147, 153

n. 1, 155-58 (3d Cir. 1993) (outlining facts courts should consider in appointing pro

bono counsel). Courts can only ask volunteer attorneys to represent a party, and

demand for pro bono attorneys is high.  *Id.* at 157. At this stage of the litigation,

Plaintiff is required only to plead the facts which he believes support his claim that the

defendant violated his constitutional rights, and courts must liberally construe pro se

pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). Thus, where

Plaintiff is required to do no more than allege the facts in support of his claim, this

Court will deny Plaintiff's request for appointment of pro bono counsel, without

prejudice.

## III.   THE PARTIES' ARGUMENTS

Plaintiff did not allege the capacity under which he brought his § 1983 claim

against Warden John Cuzzupe. Defendant assumes that Plaintiff brought his claim

against Warden Cuzzupe in his official capacity, which is the same as bringing a

claim against Salem County itself.[1] Therefore, Plaintiff must allege that Defendant's

---

[1] Upon screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(b), because Plaintiff
sought only monetary damages for relief, this Court liberally construed the complaint as
alleging a § 1983 claim against Warden Cuzzupe in his individual/personal capacity. *See*,
*Hafer v. Melo*, 502 U.S. 21, 361-62 (1991) (describing difference between § 1983 claims
brought in official or personal/individual capacities.)  For the reasons discussed below, this
Court will grant the motion to dismiss without prejudice. Therefore, if Plaintiff seeks to
amend his complaint by pleading additional facts in support of his failure to train claim, he
should specify whether he brings his claim against Salem County or against Warden
Cuzzupe in his personal/individual capacity, which will determine whether qualified
immunity applies. *See*, *Pearson v. Callahan*, 555 U.S. 223, 244 (2009)  ("The principles of

failure to train the officer was deliberately indifferent to Plaintiff's safety. *Reitz v. Cty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).[2] Defendant asserts that Plaintiff failed to allege sufficient facts to establish that a specific training deficiency caused the failure to protect his safety.

## III.   DISCUSSION

### A.   Standard of Law Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion to dismiss, courts must accept all well-pleaded facts as true, while disregarding any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A complaint survives a motion to dismiss if the court determines that the facts alleged in the complaint show that the plaintiff has "a plausible claim for relief." *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 1950.) On a motion to dismiss under Rule 12(b)(6), the Court asks only whether Plaintiff has pled "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of his claims. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

---

qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law.")

[2] The standard for stating a Fourteenth Amendment failure to protect claim is the same whether Plaintiff is seeking damages from Salem County or from Warden Cuzzupe in his individual capacity. *See e.g. Torres v. Monmouth County Correction Institution*, et al., No. CV 19-17704 (FLW), 2021 WL 3773687, at *5 (D.N.J. Aug. 25, 2021) (asserting Fourteenth Amendment failure to protect claims under § 1983 against warden in his personal capacity as a supervisor and against county).

### 2.    Section 1983 *Monell* Liability

A municipality can only be liable under § 1983 when the municipality itself causes the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 692-95 (1978). A municipality may be liable under § 1983 if its policy or well-settled custom causes a constitutional injury. *Id.* at 694. "Liability is imposed 'when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees.'" *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)). "[I]f alleging a custom, the plaintiff must evince a given course of conduct so well-settled and permanent as to virtually constitute law." *Forrest v. Parry*, 930 F.3d 93, 105–06 (3d Cir. 2019) (citing *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). "A plaintiff must also allege that the policy or custom was the "proximate cause" of his injuries." *Est. of Roman,* 914 F.3d at 798 (citation omitted). Typically, proximate cause is established by pleading the defendant "had knowledge of 'similar unlawful conduct in the past, ... failed to take precautions against future violations, and that [its] failure, at least in part, led to [his] injury.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d Cir. 1990)).

"Where the policy 'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact.'" *Thomas*, 749 F.3d at 222 (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) ("*Canton*")). Plaintiffs must identify the deficiency in a municipality's training program and "the deficiency in training [must have] actually caused" the constitutional violation. *Id.* (quoting *Canton*, 489 U.S. at 391)). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id.* (citing *Connick*, 131 S.Ct. 1350, 1359 (2011)). To demonstrate deliberate indifference where a plaintiff claims failure to train, the plaintiff must ordinarily show a "pattern of similar constitutional violations by untrained employees." *Thomas* 749 F.3d at 223 (quoting *Connick*, 131 S. Ct. at 1360).

### 3.   Standard of Law, Fourteenth Amendment Failure to Protect Inmate Safety

The Eighth Amendment of the Constitution imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quoting *Hudson v. Palmer, 468* U.S. 517, 526-27 (1984)). "A prisoner has a valid failure-to-protect claim if the prison official shows ''deliberate indifference' to a substantial risk of serious harm to an inmate.'" *Thomas* 749 F.3d at 223 n.4 (3d Cir. 2014) (quoting *Farmer*, 511 U.S. at 828, and applying the

same standard to a failure-to-protect claim under the Fourteenth Amendment). "After

*Kingsley*,[3] the Third Circuit—albeit in nonprecedential opinions—has continued to

apply the Eighth Amendment deliberate indifference standard to pretrial detainee

failure-to-protect claims." *Milton v. Clinton Cnty. Corr. Facility*, No. 4:21-CV-01479,

2022 WL 2823562, at *3 n. 34 (M.D. Pa. July 19, 2022) (collecting cases).

### 4.    Analysis

Failure to train or supervise claims are generally considered subcategories of

policy or practice liability. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir.

2014), *cert. granted, judgment rev'd sub nom. on other grounds by Taylor v. Barkes*, 575 U.S.

822 (2015). Plaintiff alleges that he was not supposed to walk down the stairs in the

jail while wearing a medical boot, and he seeks to hold the warden liable (in his

personal and/or official capacity), for failing to train the officer who made him do so.

Plaintiff, however, has not alleged whether Defendant provided no training at all or

whether there was a specific deficiency in the training program that caused the officer

to make Plaintiff walk down stairs while carrying a tray and wearing a medical boot.

Moreover, Plaintiff did not allege, in support of the element of deliberate indifference,

that other issues or concerns arose regarding similar treatment of inmates with medical

boots. Therefore, the Court will grant Defendant's motion to dismiss.  Dismissal of

the complaint will be without prejudice.

---

[3] In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court applied a different standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment than for excessive force claims brought by convicted and sentenced prisoners under the Eighth Amendment.

## IV.   CONCLUSION

For the reasons stated above, the Court will grant Defendant's motion to dismiss, and dismiss the amended complaint without prejudice.  Plaintiff is granted leave to file an amended complaint within 30 days.


An appropriate Order follows.

Date:  **March 21, 2023**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**